UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GOODEN, an individual, | Case No. 2:11-cv-02595-JAM-DAD |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| v. | |
| SUNTRUST MORTGAGE, INC., a Virginia Corporation; and SUNTRUST BANKS, INC., a Georgia Corporation; | |
| Defendants. | |

This matter is before the Court upon Defendants Suntrust Mortgage, Inc. and Suntrust Banks, Inc.'s Motion to Dismiss Class Action Complaint (Doc. #11).[1] Plaintiff Sheila Gooden ("Plaintiff") opposes the motion (Doc. #14). Defendants also filed a Request for Judicial Notice In Support of Motion to Dismiss (Doc. #12), which Plaintiff opposes in part (Doc. #14, Attachment 1).[2]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for February 22, 2012.

[2] The complaint names Suntrust Banks, Inc., but does not contain any allegations specific to that party. Accordingly, the following order refers to Suntrust Mortgage, Inc. as the sole defendant.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action originated when Plaintiff filed her complaint in this Court on September 30, 2011.  Plaintiff alleges that she obtained a mortgage from Suntrust Mortgage, Inc. ("Defendant") to refinance the existing debt on her property in June 2005.  Plaintiff's property is located at 632 S. Murdock, Willows, CA 95988.  According to Plaintiff, the terms of the mortgage agreement required Plaintiff to purchase hazard and flood insurance coverage at least equal to the replacement value of the improvements on the property or the principal balance of the mortgage, whichever was less.  Plaintiff alleges that she maintained coverage on the property between $130,130 and $161,960 at all times.

Plaintiff also alleges that at the time her property was refinanced, it was in a Federal Emergency Management Agency ("FEMA") designated flood zone.  As a result, the complaint indicates that Plaintiff was required to maintain flood insurance based on the Flood Disaster Protection Act ("FDPA") and the agreement between the parties.  If Plaintiff did not maintain adequate insurance, then Defendant was empowered to "force place" coverage on Plaintiff's property and bill her for the cost of that coverage.  Then, in August 2010, FEMA published a new flood zone map that indicated that Plaintiff's property was no longer subject to the insurance requirements of the FDPA.

The replacement value of improvements on the property is not explicitly alleged in Plaintiff's complaint.  Plaintiff alleges that from July 1, 2010 through June 30, 2011, the Glenn County Assessor's office valued the improvements on Plaintiff's property at between $85,000 and $120,057.  The complaint does not indicate

2

whether or not the assessor's determination was for replacement value or resale value.

Plaintiff alleges that in October 2010, after 6 years of carrying the same amount of insurance, Defendant determined without explanation that her existing insurance coverage was inadequate. In a series of letters starting on October 19, 2010 and concluding on March 1, 2011, Defendant allegedly demanded that Plaintiff increase her flood insurance coverage by amounts ranging from $25,300 to $44,900, depending on the letter.  Plaintiff alleges that she purchased additional flood insurance in November 2010 and provided documentation of that insurance to Defendant.  In December 2010, Defendant allegedly force placed additional flood coverage on Plaintiff's property.  Finally, in March 2011, Defendant force placed additional flood and hazard insurance on Plaintiff's property and sent her a mortgage bill that contained line item charges for the premiums of the additional coverage.  Plaintiff's monthly mortgage payment allegedly increased from $517.37 to $775.89.

Plaintiff asserts six causes of action in her complaint: (1) Violation of Truth in Lending Act ("TILA") (Hazard Insurance), 15 U.S.C. § 1601; (2) Violation of TILA (Flood Insurance), 15 U.S.C. § 1601; (3) Breach of Contract; (4) Violation of Cal. Civ. Code § 2955.5; (5) Violation of California Unfair Competition Law ("UCL") (Hazard Insurance), Cal. Bus. & Prof. Code § 17200; and (6) Violations of California Unfair Competition Law (Flood Insurance), Cal. Bus. & Prof. Code § 17200.

1  The Court has jurisdiction over Plaintiff's federal causes of
2  action pursuant to 28 U.S.C. § 1331 and the related state law
3  claims pursuant to 28 U.S.C. § 1367.

## II.  OPINION

### A.  Legal Standard

#### 1.  Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not

be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

    B.   <u>Discussion</u>

        1.   <u>Defendant Sun Trust Banks, Inc.</u>

Defendant Suntrust Banks, Inc. argues that all claims against it should be dismissed because the allegations in the complaint appear to only address actions taken by defendant Suntrust Mortgages, Inc. Plaintiff does not dispute Suntrust Banks, Inc.'s dismissal, but requests leave to amend the complaint in order to include allegations specific to defendant Suntrust Banks, Inc. Plaintiff does not, however, provide any explanation as to why Suntrust Banks, Inc. was named as a defendant or specify any of the claims she believes can be brought against this defendant. Given Plaintiff's failure to provide this information, it appears to this Court that granting leave to file an amended complaint against this defendant would be futile. Accordingly, all claims against defendant Suntrust Banks, Inc. are dismissed with prejudice.

        2.   <u>Defendant's Request for Judicial Notice</u>

Defendant requests that the Court take judicial notice of four documents: (A) a letter dated May 3, 2011 from the Federal Reserve Bank of Atlanta, (B) a Consumer Compliance Handbook published by the Board of Governors of the Federal Reserve System, (C) a FEMA flood hazard determination dated June 24, 2005 prepared by Core Logic, and (D) a FEMA flood hazard determination dated March 24, 2011 prepared by Core Logic. Plaintiff objects to documents A, C, and D. The objections to all three documents are sustained.

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a

claim. The exceptions are material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

Item A is a letter from the Federal Reserve Bank of Atlanta that indicates that if Defendant refunded forced placed insurance policy premiums to Plaintiff, then there was no violation of law or regulation. The letter does not state that the amount was actually refunded. Since the contents of the letter are disputed it is not a proper subject of judicial notice.

Items C and D are not proper subjects of judicial notice because they appear to be prepared and certified by a private entity, Core Logic, and are not matters of public record. The forms are instead a third party's interpretation of public records, flood zone maps, produced by FEMA. Defendant argues that items C and D are judicially noticeable because they are relied on by the complaint. The Court does not find that the allegations in the complaint rely on these documents. Judicial notice of items C and D is not proper, and they will also not be considered in this order.

        3. <u>Defendant's Motion to Dismiss</u>

             a. <u>The Adequacy of Plaintiff's Insurance Coverage Claims</u>

Defendant argues that all of Plaintiff's claims related to both hazard and flood insurance should be dismissed because the complaint does not properly allege that the insurance required by

6

Defendant exceeded the replacement value of the improvements on Plaintiff's property.  Defendant focuses on the allegations concerning the Glenn County tax assessor's determination of value, arguing that California law requires assessors to determine market value, not replacement cost value.  Plaintiff argues that even if the county assessor's valuation referenced in paragraph 22 of the Complaint does not approximate the replacement costs of the property improvements, she has still adequately pled, in paragraphs 20 and 21, that the insurance required or force placed by Defendant exceeded the replacement value of improvements on the property in breach of the contract and in violation of California law.  Defendant replies that those allegations are conclusory and do not meet federal pleading standards.

For the purposes of a motion to dismiss, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer, 416 U.S. at 236.

In this case, Plaintiff alleges that she purchased insurance in 2005 and maintained at least that level of coverage at all times.  She further alleges that the coverage exceeded the replacement cost of improvements.  Turning to the loan documents attached to the complaint, which are properly considered in a motion to dismiss, Plaintiff was required to obtain coverage that was greater than or equal to either the balance of the loan principal or the replacement cost of improvements, whichever was less.  Sherman, 2009 WL 2241664, at *2; Compl. Ex. 1, at 8-9. There is no dispute that the loan closed in 2005, so taking the alleged facts as true gives rise to a plausible inference that Plaintiff did obtain sufficient hazard coverage in 2005.  As

Plaintiff states in the complaint, "[T]here was no explanation [from Defendant] as to why the amount of insurance Plaintiff had carried for the past six years, including flood insurance, was suddenly inadequate [in 2010 and 2011 when Defendant force placed additional coverage]."  Compl. ¶ 29.

Defendant's argument that Plaintiff did not allege facts sufficient to meet the federal pleading standard is not persuasive. Plaintiff alleged facts that, if true, plausibly show that she obtained sufficient coverage in 2005, and that the coverage she maintained from that time forward met the terms of her loan agreement.  Defendant may disagree with the sufficiency of Plaintiff's insurance coverage, but the Court cannot properly resolve a factual dispute about the value of Plaintiff's property in a motion to dismiss.  Scheuer, 416 U.S. at 236.  Accordingly, the Court finds that Plaintiff adequately alleges that she maintained insurance coverage at least equal to the replacement value of improvements on her property.

### b.   Breach of Contract

Defendant argues that Plaintiff's Breach of Contract claim should be dismissed because Plaintiff did not adequately plead the replacement value of the improvements on her property.  As discussed in the preceding section, the Court finds that Plaintiff adequately pleads that she maintained replacement value coverage at all times and that, as a result, any additional coverage allegedly force placed by Defendant exceeded the coverage required by the loan agreement.  Accordingly, Defendant's motion to dismiss this third cause of action is denied.

c.  TILA (Hazard Insurance)

Defendant argues that Plaintiff's TILA claim related to excess hazard insurance (first cause of action) should be dismissed because TILA does not apply to insurance purchased from a third party insurer such as State Farm.  Plaintiff concedes that point, but argues that TILA does apply to the insurance allegedly force placed on Plaintiff's property as far as it exceeded the replacement value of improvements.  Defendant agrees in the reply that such force placed insurance is subject to TILA, but again argues that Plaintiff's allegations do not meet federal pleading standards.

"[A]ccording to 12 C.F.R. § 226.4(d)(2)(i), premiums for insurance against loss or damage to property are specifically excluded from the mandated disclosure when the borrower may choose the provider of insurance coverage and the ability to choose is disclosed."  Hayes v. Wells Fargo Home Mortg., No. 06-1791, 2006 WL 3193743, at *7 (E.D. La. Oct. 31, 2006).  Thus, insurance purchased by Plaintiff from State Farm cannot give rise to a TILA claim.

The law treats force placed insurance coverage that exceeds that required in the loan agreement differently.  As discussed above, the Court finds that Plaintiff adequately alleges that Defendant force placed unauthorized hazard insurance on Plaintiff's property, exceeding the amount required by the loan agreement and which required accurate and meaningful disclosures as well as changes to the policy's requirements, none of which Defendant provided.  Such allegations, if true, entitle Plaintiff to relief under TILA.  Hofstetter v. Chase Home Fin., LLC, 751 F. Supp. 2d 1116, 1126-27 (N.D. Cal. 2010) (finding that increasing insurance

requirements beyond the terms of the original loan agreement constitutes a prohibited "change of terms" in violation of TILA and 12 C.F.R. 226.5b(f)(3)).

For the first time in its reply, Defendant argues that while Plaintiff pleads that she was billed for force placed insurance, she does not plead that she actually paid the bill and does not therefore plead that she actually sustained damages.  The Court first finds that based on the allegations in the complaint, it can reasonably draw the inference that Plaintiff sufficiently alleges payment of the premiums.  Second, TILA provides for statutory damages in cases where there is a violation of TILA's requirements, but a plaintiff does not show monetary damage.  See 15 U.S.C. §§ 1640(a)(1)-(2) (authorizing suits for actual damage, statutory damages ranging from $400-$4,000, and suits for minimum class action damages); Russell v. Mortgage Solutions Mgmt., —Inc., No. CV 08-1092-PK, 2010 WL 3945117, at *6-*7 (D. Or. Apr. 6, 2010) (acknowledging that all three types of damages are authorized by § 1640).  Accordingly, Defendant's motion to dismiss Plaintiff's TILA hazard insurance claim based on force placed insurance is denied.

                            d.   Cal. Civ. Code § 2955.5

Cal. Civ. Code § 2955.5 prohibits a lender from "requiring[ing] a borrower . . . to provide hazard insurance coverage . . . in an amount exceeding the replacement value of improvements on the property."  Cal. Civ. Code § 2955.5(a). Defendant seeks dismissal of this fourth cause of action for the same reasons raised with respect to Plaintiff's breach of contract claim.

10

1    In this case Plaintiff pleads that she maintained insurance
2 coverage on her property at least equal to the replacement value of
3 improvements on the property.  Then, in March 2011 Defendant force
4 placed additional insurance on Plaintiff's property and billed her
5 for the premiums.³  As discussed above, these allegations are
6 sufficient to state a claim under this statute, and Defendant's
7 motion to dismiss this fourth cause of action is denied.

        e.    UCL (Hazard Insurance)

9    Defendant argues that Plaintiff's fifth cause of action for a
10 UCL violation is based upon a failure to disclose under TILA and
11 is, therefore, preempted because her legal theory is contradicted
12 by 12 C.F.R. § 226.4(d)(2)(i) and TILA preempts state law claims
13 which contradict it or the regulation promulgated thereunder.
14 Defendant points out that any insurance purchased by Plaintiff from
15 a third party is not subject to the disclosure requirements of
16 TILA, and as a result no UCL claim can be predicated on such a
17 purchase.  Plaintiff concedes that TILA does not regulate her
18 purchase of insurance from State Farm, but again argues that the
19 force placed insurance premiums are subject to TILA.  Plaintiff
20 also argues that a violation of Cal. Civ. Code § 2955.5 can give
21 rise to a UCL claim based on insurance purchased by Plaintiff from
22 a third party.
23    TILA's savings clause provides that TILA does not preempt
24 state law unless the state law is inconsistent with TILA.  <u>Silvas</u>
25 <u>v. E*Trade Mortg. Corp.</u>, 514 F.3d 1001, 1007 (9th Cir. 2008).

---

³ Plaintiff does not plead that she purchased additional hazard insurance from a third party.

11

Plaintiff is correct that a UCL claim may be predicated on a TILA violation since the UCL and TILA do not conflict when the UCL claim is based on conduct prohibited by TILA. Since Defendants' "preemption" argument is dependent on its TILA argument, and this Court has already rejected that argument, Defendants' motion to dismiss this UCL claim is denied.

### f.   Plaintiff's Flood Insurance Claims

Defendant argues that Plaintiff's second and sixth causes of action, i.e., her flood insurance claims, should be dismissed on several grounds. First, Defendant argues that under the National Flood Insurance Act ("NFIA"), it was entitled to force place flood insurance on Plaintiff's property even if the property was no longer in a flood zone. Next, Defendant reproduces the arguments raised in support of dismissing Plaintiff's TILA and UCL hazard insurance claims as discussed in the preceding section. Finally, Defendant argues that the NFIA preempts Plaintiff's flood insurance UCL claim.

#### (i)   TILA (Flood Insurance)

Defendant argues that the NFIA and the FDPA legally entitle it to engage in the conduct alleged in the complaint, making dismissal of Plaintiff's flood insurance claims appropriate. Defendant argues that under federal flood insurance law, it is entitled to rely on a determination of flood plain status for 7 years, which eliminates its liability in this case. Plaintiff responds that Defendant was not entitled to force place flood insurance on her property once it knew that the property was no longer in a FEMA designated flood zone. Additionally, Plaintiff argues that even if Defendant could force place some amount of insurance on her

12

property, it violated the law when it allegedly force placed insurance on Plaintiff's home that exceeded the value of improvements on the property.

The minimum amount of flood insurance required by the NFIA is an amount equal to "the outstanding principal balance of the loan or the maximum limit of coverage made available under the Act . . ., whichever is less."  42 U.S.C. § 4012a(b)(1).  "Flood insurance under the Act is limited to the overall value of the property securing the designated loan minus the value of the land on which the property is located."  12 C.F.R. § 339.3.  In other words, the NFIA requires flood insurance equal to the lesser of the replacement value of improvements to the property or the principal balance of the loan secured by the property.

Based on Exhibit 1 to Plaintiff's complaint, Defendant disclosed to Plaintiff at the origination of the loan that flood insurance that complied with the NFIA was required.  Defendant then allegedly required increased flood insurance coverage, eventually force placing the additional coverage. The additional premium was reflected in Plaintiff's April 2011 mortgage statement.  As discussed above, the Court finds that the complaint gives rise to a reasonable inference that Plaintiff's existing policy was at least equal to the replacement value of improvements on the property. Additional coverage force placed by Defendants therefore exceeded coverage required under the NFIA and the loan agreement.  Insurance premiums for coverage in excess of replacement value of improvements were not disclosed in the original loan agreement, as alleged, which is an impermissible change of terms in violation of TILA.  See Hofstetter v. Chase Home Fin., LLC, 751 F.Supp.2d 1116,

13

1125 (N.D. Cal. 2010). Based on the allegation that Defendant required flood insurance coverage on Plaintiff's property in excess of that required under the NFIA, Plaintiff's complaint states a claim.

Defendant also argues that it was entitled to rely on the 2005 determination of the property's flood status for seven years, and require Plaintiff to maintain flood insurance for at least that time period. Defendant points to guidance from the Federal Reserve Board that explains that Defendant did not have a duty to monitor the flood zone status of the property. Plaintiff responds that Defendant learned that Plaintiff's property was no longer in a flood zone at the latest on or before March 24, 2011, but that Defendant nevertheless force placed flood insurance on her property the next month and never refunded her payment.

Defendant concedes that the NFIA does not allow for charging a borrower for forced placed insurance where a lender has contacted FEMA and actually learned that a property was no longer in a flood zone. Reply, at 7. Defendant also points out that if it did overcharge Plaintiff, there was a credit and refund mechanism in place to return Plaintiff's premium payments. Defendant argues for the first time in its reply that Plaintiff does not specifically allege that her payments were not refunded.

If, as alleged, Defendant actually knew that Plaintiff's property was not in a flood zone, then its duty to monitor for changes, along with the Federal Reserve Board's guidance on that point, became irrelevant. Further, Plaintiff clearly pleads that she was billed for the flood insurance, and that she was damaged by the "expenses and costs for insurance. . . ." Compl. ¶ 35. At the

14

motion to dismiss stage, Plaintiff's allegations must be accepted as true.  Plaintiff plausibly pleads that she was billed for insurance, and that she paid the bill.  In light of the allegations, the Court finds a reasonable inference that Plaintiff was not refunded her alleged overpayments.  Scheuer, 416 U.S. at 236.  In short, to the extent Plaintiff's TILA flood insurance claim is based on Defendant's force placement of flood insurance after it allegedly knew that such coverage was not required, Plaintiff has sufficiently pled this cause of action and Defendant's motion to dismiss this claim is denied.

Defendant also argues that Plaintiff's flood insurance allegations fail to state a claim under TILA because Plaintiff purchased her insurance from State Farm.  As discussed above, the Complaint alleges that Defendant force placed both hazard and flood insurance on Plaintiff above and beyond the insurance she had purchased from State Farm.  Since TILA would apply to the forced placed flood insurance of Defendant, the motion to dismiss this second cause of action on this ground is denied as well.

### (ii) UCL (Flood Insurance)

Defendant argues that the NFIA preempts state law causes of action for excessive flood insurance.  Plaintiff responds that claims for coverage in excess of amounts required by the NFIA are not preempted.

The NFIA does not preempt state law claims that allege that a defendant required coverage in excess of that required by the NFIA. Hofstetter v. Chase Home Fin., LLC, No. C 10-01313 WHA, 2010 U.S. Dist. LEXIS 84050, at *30-31 (N.D. Cal. Aug. 13, 2010).  As stated above, Plaintiff's claim concerns coverage that exceeds the amount

required by the NFIA, so her claim is not preempted. Defendant's motion to dismiss this sixth cause of action is denied.

        4.   <u>Defendant's Motion to Dismiss Plaintiff's Class Allegations</u>

Defendant argues that the class allegations in Plaintiff's complaint should be dismissed or stricken. Defendant asserts that the class definitions would, if certified, include class members who lack standing under Article III. Plaintiff responds that it is proper to determine the sufficiency of class definitions at the class certification stage, making Defendant's motion premature.

Defendant primarily relies on <u>Sanders v. Apple Inc.</u>, 672 F. Supp. 2d 978 (N.D. Cal. 2009). In that case, the court ruled that it was proper to strike class definitions from the complaint prior to discovery because the class included members that lacked Article III standing, and the complaint asserted claims on behalf of a nationwide class that would be subject to varying state laws. <u>Sanders</u>, 672 F.Supp.2d at 991.

There is nothing in the <u>Sanders</u> court holding that requires a court to consider the sufficiency of class definitions during a motion to dismiss or strike. While a court may in some circumstances consider class allegations earlier, the Court declines to do so in this case. The class definitions will be considered during the certification process and Defendant's motion to dismiss the class allegations is denied.

### III. ORDER

For all the foregoing reasons, the motion is GRANTED WITH PREJUDICE with respect to Defendant Suntrust Banks, Inc., and DENIED as to Defendant Suntrust Mortgages, Inc. A responsive

Case 2:11-cv-02595-JAM -DAD   Document 18   Filed 03/23/12   Page 17 of 17

1 | pleading from Defendant Suntrust Mortgage, Inc. is due 20 days from
2 | the date of this order.
3 |     IT IS SO ORDERED.
4 | Dated: March 22, 2012
                                   _____
5 |                                JOHN A. MENDEZ,
                                   UNITED STATES DISTRICT JUDGE