IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GOODEN, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>SUNTRUST MORTGAGE, INC., a Virginia Corporation; and<br>SUNTRUST BANK, INC., a Georgia Corporation,<br><br>            Defendants.<br>_____ / | Case No. 2:11-cv-02595-JAM-DAD<br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on June 8, 2012, for hearing of defendant Suntrust Mortgage, Inc.'s ("defendant") motion for a protective order. (Doc. No. 25.) Attorney Justin Berger appeared on behalf of plaintiff Sheila Gooden and attorney Philip Bariovits appeared on behalf of defendant Suntrust Mortgage, Inc. At the conclusion of the hearing, the undersigned took defendant's motion under submission.

BACKGROUND

On October 16, 2008, plaintiff filed for Chapter 13 relief in the United States Bankruptcy Court for the Eastern District of California, Case No. 08-34959-B-13. On April 9, 2009, plaintiff confirmed a Chapter 13 payment plan. Plaintiff filed the complaint in this

putative class action matter on September 30, 2011.  (Doc. No. 1)

On April 20, 2012, the parties filed an Initial Joint Rule 26(f) Conference Report.  (Doc. No. 21.)  Therein, the parties proposed that plaintiff's motion for class certification be filed by November 2, 2012.  The assigned District Judge adopted the proposed schedule on April 23, 2012. (Doc. No. 22.)

On May 18, 2012, Jan. P. Johnson, serving as the trustee in plaintiff's Bankruptcy Court case, signed a settlement agreement and release with defendant Suntrust Mortgage, Inc., agreeing to a dismissal of this civil action, with prejudice as to plaintiff Gooden and without prejudice as to the putative class, in exchange for $7,500.  (Settlement Agreement (Doc. No. 26-1) at 2-7.)  On May 29, 2012, the trustee in the bankruptcy matter filed a notice of hearing on motion to approve the settlement reached by the trustee and defendant.  (Doc. No. 27-1 at 4.)  Hearing of that motion is currently set in the Bankruptcy Court for July 3, 2012.  (Id.)  On May 30, 2012, defendant filed the motion for a protective order now pending before the court.  (Doc. No. 25.)  Plaintiff filed opposition on June 1, 2012, (Doc. No. 29), and defendant a reply on June 5, 2012.  (Doc. No. 30.)

Defendant's motion, though styled as a protective order, actually seeks an order "staying discovery pending the Bankruptcy Court's ruling on the Trustee's motion for approval of the settlement."[1]  (Doc. No. 25 at 9.)  Defendant argues that approval by the Bankruptcy Court of the settlement agreement reached between the Chapter 13 trustee and defendant will resolve this action.  (Id. at 6.)  Defendant contends that there is little rationale in imposing upon defendant the extensive and expensive discovery plaintiff is pursing, which includes extensive document requests and an expansive deposition, when this case has been "essentially resolved." (Id. at 9.)

/////

---

[1] In this regard, defendant's motion is not a motion dealing with a discovery matter as contemplated by the Local Rules.

1    Plaintiff opposes defendant's motion, arguing that her claim is not part of the
2 Chapter 13 bankruptcy estate and that, in any event, the law is clear that the bankruptcy trustee
3 lacks the authority to settle this suit without plaintiff's approval.  (Doc. No. 29 at 9.)  Plaintiff has
4 filed a declaration stating that she intends to object to the proposed settlement at the July 3, 2012,
5 hearing before the Bankruptcy Court.  (Doc. No. 29-3 at 3.)  Accordingly, plaintiff requests that
6 the court deny defendant's motion and allow discovery in this action to proceed.

7                                                        ANALYSIS

8    "District courts have 'broad discretion to manage discovery and to control the
9 course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672
10 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828,
11 833 (9th Cir. 2011)).  Here, defendant argues that the motion for a protective order and stay of
12 discovery should be granted because defendant and the bankruptcy trustee have agreed to a
13 settlement that, if approved by the Bankruptcy Court, will resolve this action.  However,
14 defendant acknowledges that whether the trustee has the authority to settle this case "is, frankly,
15 an unsettled issue of law . . . ."  (Doc. No. 30 at 2.)  Defendant also asserts that the "Bankruptcy
16 Court determination is only five weeks away, a slight delay."  (Doc. No. 25 at 9.)

17    However, under defendant's proposal, though the time for conducting discovery
18 would be stayed, plaintiff's time for filing a motion for class certification would continue to run.
19 While a five week delay may be "a slight delay" from defendant's point of view, plaintiff no
20 doubt views such a delay as substantial.  Morever, there is no guarantee that the Bankruptcy
21 Court will issue an order at the time of the scheduled July 3, 2012 hearing.  Thus, the Bankruptcy
22 Court's ruling could be more than five weeks away.  Accordingly, the undersigned will not
23 recommend that the time for conducting discovery alone be stayed.

24    Nonetheless, it does appear prudent to await the Bankruptcy Court's ruling on the
25 trustee's motion to approve the settlement reached by the Chapter 13 trustee and defendant.  A
26 ruling by the Bankruptcy Court that the Chapter 13 trustee had the legal authority to settle this

civil action and approving the settlement would, obviously, have a significant impact on these proceedings. Accordingly, the undersigned will recommend that the assigned District Judge temporarily stay discovery in this matter <u>and</u> also extend the deadline for the filing of any motions, including plaintiff's motion for class certification, for the same length of time as discovery is stayed.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 30, 2012 motion for a protective order (Doc. No. 25) be granted;

2. Discovery and the filing of any motion be stayed pending the ruling by the Bankruptcy Court on the motion to approve settlement set for hearing in that court on July 3, 2012;

3. The parties be directed to file a notice of decision immediately upon a decision being rendered by the Bankruptcy Court; and

4. The parties be directed to file an Amended Joint Rule 26(f) Conference Report, taking into account for length of time discovery is stayed, within 14 days of the filing of the notice of the Bankruptcy Court's decision with this court.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within <u>seven</u> (7) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."[2] The parties are advised that failure to file

/////

---

[2] The parties agreed at the hearing to the filing of objections simultaneously and to waive any right to reply to objections filed in order to expedite the assigned District Judge's review of these findings and recommendations.

4

1 objections within the specified time may, under certain circumstances, waive the right to appeal
2 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: June 8, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\gooden2595.stay.f&rs