NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
ERIC J. BUESCHER (SBN 271323)
ebuescher@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 692-3606

*Attorneys for Plaintiff and the Class*

MICHAEL J. STEINER (SBN 112907)
mjs@severson.com
PHILIP BARILOVITS (SBN 199944)
pb@severson.com
CASEY J. McTIGUE (SBN 266361)
cjm@severson.com
**SEVERSON & WERSON, P.C.**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 398-3344
Facsimile:    (415) 956-0439

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHEILA GOODEN,** an individual, <br><br> Plaintiff, <br><br> v. <br><br> **SUNTRUST MORTGAGE, INC.,** a Virginia corporation; and **SUNTRUST BANKS, INC.,** a Georgia corporation, <br><br> Defendants. | Case No. 2:11-cv-02595-JAM-DAD <br><br> **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

**STIPULATED [PROPOSED] PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT;** Case No. 2:11-cv-02595-JAM-DAD

Plaintiff Sheila Gooden, and Defendant SunTrust Mortgage, Inc. (collectively, the "Parties"), file this Stipulated Proposed Protective Order and Confidentiality Agreement to preserve the confidentiality of certain individually or commercially sensitive, confidential and/or proprietary information that has been requested or will be requested and produced by any party pursuant to the rules of discovery in the above-captioned matter, *Gooden v. SunTrust Mortgage, Inc.*, Case no. 2:11-cv-02595-JAM-DAD (E.D. Cal.). The Parties agree that a confidentiality agreement concerning discovery materials is necessary to protect the integrity of certain information defined below.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:

1.  The Parties shall have the right to designate as confidential any documents, things and information produced in compliance to a discovery request or other requirement of the rules of discovery which contains trade secrets, confidential research, development, commercial or financial information or any other proprietary or confidential business information.

2.  The Parties may designate as "Confidential Information" any Information produced to any Party pursuant to or as a result of discovery in this case. Any such designation shall be made in good faith, designating material that is reasonably confidential. If timely corrected, an inadvertent failure to designate qualified information or items does not, alone, waive the right to secure protection under this Stipulation and Order for such material. Upon timely correction, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provision of this Order.

3.  All documents, things and information designated as Confidential Information pursuant to this Agreement provided in the course of this litigation and any information contained therein or derived therefrom shall be used solely for the purposes of preparing for trial and the trial and appeal of this action and for no other purposes whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms of this Agreement. The protections conferred by this Stipulation and Order cover not only material designated as Confidential Information, but any information copied or extracted from such Confidential

Information, all copies, excerpts, summaries, or compilations of such Confidential Information and any testimony, conversations, presentations, or compilations of such Confidential Information.

4. The designation of Information as Confidential Information shall be made by a Party by placing or affixing a stamp or marking upon the document (in such a manner as will not interfere with the legibility thereof) an appropriate notice such as "CONFIDENTIAL INFORMATION", "CONFIDENTIAL", or similar legend, or by any other means or method reasonably designed to place an inspecting party upon notice of the confidential nature of the Information. Where the Information is in such a form that such a stamp or mark cannot be reasonably placed thereon, then such Information shall be designated "CONFIDENTIAL INFORMATION," or "CONFIDENTIAL," in such a manner as is reasonable under the circumstances.

5. Challenging Confidentiality Designations:

(a) Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation.

(b) The Challenging Party shall provide written notice of each designation it is challenging and describe the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order and Confidentiality Agreement. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (either in person or telephonically) within fourteen (14) days of the date of service of notice challenging the designation. In conferring, the

Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion under Local Rule 251 to retain confidentiality within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration, within the applicable time period shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

(d) The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and challenges made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating

Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to treat the designated material as confidential under the terms of this Protective Order and Confidentiality Agreement until the court rules on the challenge.

6. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The parties' Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Any parties' expert(s), including both disclosed and consulting experts, who have signed the "Agreement to Be Bound by Confidentiality Agreement";

(d) The Court and its personnel;

(e) Court reporters, their staffs, and professional vendors (e.g., litigation support services, including photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

(f) Witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Confidentiality Agreement"; and

(g) The author of the document or the original source of the information.

7. In the event that a Party determines that the prosecution of this action requires that Confidential Documents be disclosed to persons not otherwise authorized herein, such Party shall provide the Designating Party written notice by e-mail, facsimile or hand delivery of the intended disclosure, with a copy sent by mail, which notice shall specify with particularity the Confidential Documents to be disclosed and the identity of the otherwise unauthorized person. This written notice shall be given not less than ten (10) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case. If,

within ten (10) business days after receipt of such notice, the Designating Party objects in writing to such disclosure, the Parties shall abide by the dispute resolution process provided in paragraph 5 of this order.  Any motion filed after the meet and confer required by paragraph 5 shall be filed within 21 days of the Designating Parties' written objection, or 14 days of the Parties agreeing that the meet and confer process will not resolve the dispute, whichever is earlier.  During the time the Parties are attempting to resolve their dispute, the Confidential Documents shall not be disclosed.

8. If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated as Confidential the Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than seven court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

9. The Party also must inform in writing, within a reasonable period of time, the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this agreement.  In addition, the Party must deliver a copy of this Stipulated Protective Order and Confidentiality Agreement to the party in the other action that caused the subpoena or order to issue.

10. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and Confidentiality Agreement and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

11. All Confidential Documents and any papers containing information contained therein or derived therefrom that are filed with the Judge shall be filed in accordance with Local Rules 141 and 141.1(e).

12. In order to permit discovery to proceed without further delay, the Parties agree that this Agreement shall be effective from the date on which it is executed by the Parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter,

**STIPULATED [PROPOSED] PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT;** Case No. 2:11-cv-02595-JAM-DAD                              6

including materials produced at any time after the commencement of this case, unless the Court orders otherwise.

13.     Attendance at depositions taken in this action at which Confidential Documents or any information contained therein or derived therefrom is identified, discussed or disclosed shall be limited to the extent necessary and to the deposition notary, the witness, counsel for the witness, Parties' counsel, agents for Parties' counsel and any representatives of the Parties who have agreed in writing to be bound by the terms of this Agreement.  Any portion of the deposition transcript concerning Confidential Documents shall not be disclosed to any person except as provided in this Agreement, and shall be bound separately by the Court Reporter and labeled "Confidential."  The Parties further agree that this Agreement shall apply in the same manner that it applies to documents, to all testimony (including depositions) relating to Confidential Documents, and transcriptions thereof, given in this case.  Where Confidential Documents or confidential information are discussed or disclosed in a deposition <u>or in other pretrial proceedings,</u> the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

14.     Nothing in this Agreement shall be construed to preclude the Designating Party from seeking additional protection of Confidential Documents, or from otherwise seeking a modification of this Agreement.

15.     If information, documents or other material subject to a claim of attorney-client privilege, work product, or any other ground upon which production of such information may be withheld from a Party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which a Party or other producing person would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of a Party, such Party shall promptly return to the Designating Party that material as to which the claim of inadvertent production has

**STIPULATED [PROPOSED] PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT;** Case No. 2:11-cv-02595-JAM-DAD                                                                         7

been made (including all copies thereof) and make no use of such documents or other information for any purpose.

16. If a party receiving Confidential Information learns that, by mistake or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify the Designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the persons to whom the unauthorized disclosures were made of all the terms of this Order, and (d) request the person or persons to execute the "Acknowledgment and Agreement to Be Bound."

17. At the conclusion of this action, all Confidential Documents, including all copies, extracts and summaries and all documents containing information taken therefrom, shall be returned or destroyed no later than sixty (60) days after the unappealed or unappealable final judgment or settlement of this action. Even after conclusion of this action, the confidentiality obligations imposed by this Order shall remain in effect until the designating party agrees otherwise or a court order otherwise directs.

18. In the event additional parties are added to this litigation, and to the extent that Confidential Documents are to be disclosed to such Party and such party's counsel, each new party's counsel shall sign a duplicate original of this Agreement and cause the same to be filed with the Court.

19. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Documents.

20. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.

21. The Parties intend to stipulate to a protocol governing the production of electronically stored information ("ESI"). Any ESI documents produced pursuant to this Confidentiality Agreement will also be subject to the terms of the ESI protocol.

**STIPULATED [PROPOSED] PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT;** Case No. 2:11-cv-02595-JAM-DAD                                                        8

SO STIPULATED AND AGREED TO.

Dated:  September 6, 2012            **COTCHETT, PITRE & MCCARTHY, LLP**

By:  */s/ Eric J. Buescher*

Eric J. Buescher

Dated:  September 6, 2012            SEVERSON & WERSON

A Professional Corporation

By:  */s/ Philip Barilovits*

Philip Barilovits

**IT IS SO ORDERED.**

Dated:  9/7/2012                     /s/ John A. Mendez

UNITED STATES DISTRICT COURT JUDGE

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order and Confidentiality Agreement agreed to between Parties to the action in the case of *Gooden v. SunTrust Mortgage, Inc.*, Case No. 2:11-cv-02595 in the United States District Court for the Eastern District of California.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and Confidentiality Agreement.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order and Confidentiality Agreement to any person or entity except in strict compliance with the provisions of this Agreement.

Date:  _____

City and State where signed:  _____

Printed Name:  _____

Signature:  _____