UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GOODEN,<br><br>    Plaintiff,<br><br>  v.<br><br>SUNTRUST MORTGAGE, INC., a Virginia Corporation,<br><br>    Defendant. | No.  2:11-cv-2595-JAM-DAD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** |

Presently before the Court is Plaintiff Sheila Gooden's ("Plaintiff") Motion to Modify Scheduling Order and For Leave to File an Amended Complaint (Doc. #50).[1] Defendant Suntrust Mortgage, Inc.[2] ("Defendant") opposes the motion (Doc. #55).

I.  BACKGROUND

In this putative class action, Plaintiff alleges that she maintained adequate hazard and flood insurance on her property,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for June 5, 2013.
[2] The Court previously dismissed all claims against Defendant Suntrust Banks, Inc. (Doc. #18).

1

but Defendant improperly force placed additional flood and hazard insurance on her home and improperly billed her for the premiums. Plaintiff asserts the following causes of action: (1) Violation of Truth in Lending Act ("TILA") (Hazard Insurance), 15 U.S.C. § 1601; (2) Violation of TILA (Flood Insurance), 15 U.S.C. § 1601; (3) Breach of Contract; (4) Violation of Cal. Civ. Code § 2955.5; (5) Violation of California Unfair Competition Law ("UCL") (Hazard Insurance), Cal. Bus. & Prof. Code § 17200; and (6) Violations of California Unfair Competition Law (Flood Insurance), Cal. Bus. & Prof. Code § 17200.  Plaintiff's complaint contains allegations related to 1) a nationwide class for the TILA Hazard Insurance claim (the "nationwide hazard class"), 2) a California subclass for the third, fourth, and fifth causes of action (the "California hazard subclass"), and 3) a California subclass for the second and sixth causes of action (the "California flood subclass").  The Court has jurisdiction over Plaintiff's federal causes of action pursuant to 28 U.S.C. § 1331 and the related state law claims pursuant to 28 U.S.C. § 1367.

In the present motion, Plaintiff seeks leave to amend her complaint in addition to modification of the amendment deadline in the current scheduling order.  The current scheduling order was issued by the Court on August 30, 2012 (Doc. #38) and modified pursuant to the parties' stipulation on April 3, 2013 (Doc. #54).  The April order extended the deadline for Plaintiff's class certification motion from April 5, 2013 to June 5, 2013.  The deadline for Defendant's opposition, the reply, and the hearing date were similarly extended.  The

2

discovery deadline was extended from December 18, 2013 to February 19, 2014. The trial date was moved from May 12, 2014 to July 14, 2014. The original scheduling order, issued on August 30, 2012, stated that amendments to pleadings or joinder of parties would not be permitted without a showing of good cause, and that portion of the order was not modified.

For purposes of the current motion, the amendments plaintiff seeks are 1) to expand the California hazard subclass to a nationwide class; 2) expand the California flood insurance subclass to a nationwide class; and 3) add Michelle Hall to this suit as a representative plaintiff.

## II. OPINION

### A. Legal Standard

#### 1. Modification of Scheduling Order

Once a scheduling order is in place, a party seeking to modify that scheduling order must show good cause. Fed. R. Civ. P. 16(b)(4); Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The good cause standard is satisfied when the moving party shows it was diligent, but that it is nevertheless unable to reasonably comply with the scheduling order without modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).

## 2.   Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The policy favoring amendment "is to be applied with extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  "The four factors commonly used to determine the propriety of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  Abels v. JBC Legal Group, P.C., 229 F.R.D. 152, 155-56 (N.D. Cal. 2005) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)).

### B.   Discussion

#### 1.   Modifying the Scheduling Order

Plaintiff argues that there is good cause to modify the scheduling order because information produced during discovery changed her understanding of this litigation and gave her a proper basis upon which to expand the scope of this suit. Plaintiff claims that when the complaint in this action was first filed, she was unaware of how Defendant tracked flood zones for its borrowers and how it determined when to force place flood insurance.  Plaintiff claims that she was concerned when she filed the original complaint that tracking this information nationally would be unmanageable, so she limited the flood insurance class to California.  Plaintiff explains that in

4

1    depositions conducted during December 2012, she learned that
2    Defendant uses the same vendor and methods to track flood zones
3    nationwide and in March 2013 she received reports generated by
4    that vendor.  As a result, she determined that tracking borrowers
5    on a national basis is manageable.  Plaintiff does not directly
6    address what specific information related to the hazard insurance
7    class she discovered after the amendment cutoff, but she
8    generally argues, "Through the December 2012 depositions, and
9    review of the loan files of other SunTrust borrowers from around
10   the country, it became apparent that SunTrust has breached its
11   contracts with homeowners around the county, and that those
12   breaches can be easily proven on a class-wide basis using
13   SunTrust's own documents."  Reply (Doc. #58) at 7.
14        Defendant opposes the motion generally on the grounds that
15   Plaintiff has not shown good cause sufficient to justify amending
16   the scheduling order.  With respect to the hazard insurance
17   class, Defendant argues that Plaintiff has not pointed to any
18   specific information she obtained after the amendment deadline
19   that supports expanding the class from California to nationwide.
20   Defendant also points out that if Plaintiff was able to allege a
21   nationwide TILA class with respect to hazard insurance, she
22   should have been able to do the same with respect to her breach
23   of contract claim.  Defendant also argues that expanding the
24   breach of contract class nationally will require the application
25   of 50 different statutes of limitation, making this litigation
26   impossibly complicated.  With respect to the flood insurance
27   class, Defendant argues that since Plaintiff has been conducting
28   discovery on a nationwide basis all along, it is clear that she

was aware that she could allege a nationwide class well before the amendment deadline. In opposition to adding Ms. Hall as a plaintiff, Defendant argues that Plaintiff's motion does not show good cause to add her. Defendant also argues that Ms. Hall was discovered by Plaintiff improperly through the discovery process, something which Plaintiff represented to the Court she would not do. Finally, Defendant contends that the recently modified class certification briefing schedule would have to be modified if Ms. Hall were added in order to conduct discovery.

In reply, Plaintiff argues that the procedural history and current posture of this case favor granting the motion. Plaintiff points out that the trial date for this case is over one year away in July 2014. Plaintiff also notes that in the parties' recent stipulation modifying the certification briefing schedule, they agreed that the new schedule provided sufficient time for discovery related to Ms. Hall in the event she was added as a plaintiff (Doc. #53, 2:24-27). Finally, Plaintiff argues that discovery did not proceed in earnest until December 2012 due to Defendant's unsuccessful attempt to settle Plaintiff's claim with her Chapter 13 bankruptcy trustee, which resulted in a stay of this case from June to August 2012 (Doc. ## 32, 35-36).

Based on the procedural posture of this case, the Court finds that Plaintiff diligently pursued her claims and that the amendment deadline in the scheduling order should be modified. Defendant's argument does suggest that Plaintiff contemplated a national expansion of this case well before the amendment deadline, but the pleading standard in Federal Rule of Civil

6

Procedure 8 and the requirements of Rule 11 indicate that a plaintiff must have a sufficient basis for making allegations in a complaint.  It would be accordingly inconsistent if Rule 16 required Plaintiff to advance claims before she had a factual basis for doing so or was unsure if the claims would be a manageable addition to the lawsuit.  Plaintiff represents for purposes of this motion that she learned about Defendant's national practices with respect to flood and hazard insurance in December 2012 and received documentary evidence of the same in March 2013.  This motion was filed shortly after.  It is also notable that Defendant's counsel's declaration (Doc. #55-1) is consistent, in part, with Plaintiff's position.  Defendant's counsel declares that Plaintiff did not indicate until January 2013 that she was considering an amendment, which support's Plaintiff's claim that the necessary information was first obtained in the December 2012 depositions.  Finally, this case was stayed and Plaintiff lost nearly two months of potential discovery time because of the bankruptcy proceeding.  This timeline shows sufficient diligence to justify modifying the scheduling order.

    The Court's finding is also bolstered by the parties' agreement to extend nearly every other important deadline in the scheduling order.  Trial is still over a year away, and discovery is continuing until February 2014.  Defendant already agreed that if Ms. Hall is added to this case, there will be time to conduct discovery with regard to her before Defendant's opposition to

class certification is due.  This litigation is still in its early stages, and modifying the scheduling order to allow an amended complaint at this time is appropriate.  Finally, Defendant's argument concerning the complexity of this litigation and various statutes of limitation are better raised at the class certification phase because the commonality of legal issues amongst class members is not relevant to the present motion.  How Plaintiff discovered Ms. Hall and her claims is similarly irrelevant.  Plaintiff's motion to modify the scheduling order is therefore granted.

### 2. Leave to Amend

Defendant argues that Plaintiff's motion for leave to amend the complaint should be denied because Defendant would be prejudiced by the impending deadlines related to Plaintiff's class certification motion.  As discussed above, Defendant has already agreed that the extended briefing schedule for the class certification motion provides sufficient time to conduct discovery with respect to Plaintiff's proposed amendments.  There is accordingly no reason to deny Plaintiff's motion, especially in light of the liberal policy in favor of allowing amendments.  Plaintiff's motion to amend the complaint is therefore granted.

### III. ORDER

Plaintiff's motion is GRANTED.  The proposed amended complaint attached as Exhibit A to Eric J. Buescher's declaration (Doc. #50-1) is deemed filed as of the date of this Order.  Defendant is ordered to file its responsive pleading to the

Amended Complaint within twenty (20) days of this Order.[3]

IT IS SO ORDERED.

Dated: June 19, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[3] The hearing calendared for August 7, 2013 on Defendant's pending Motion for Judgment on the Pleadings directed at Plaintiff's original complaint is vacated as moot.