MICHAEL J. STEINER (State Bar No. 112079)
mjs@severson.com
PHILIP BARILOVITS (State Bar No. 199944)
pb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
SUNTRUST MORTGAGE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SHEILA GOODEN, an individual, MICHELLE HALL, an individual<br><br>    Plaintiffs,<br><br>    vs.<br><br>SUNTRUST MORTGAGE, INC., a Virginia Corporation<br><br>    Defendants. | Case No.: 2:11-cv-02595-JAM-DAD<br><br>**SUNTRUST MORTGAGE, INC.'S REQUEST TO SEAL;  ORDER GRANTING REQUEST** |

1  Pursuant to Local Rule 141, defendant SunTrust Mortgage, Inc. ("SunTrust"), hereby
2  responds to Sheila Gooden and Michelle Hall's ("plaintiffs'") Request and Order To Conditionally
3  Seal Documents, Dkt. # 70 ("Plaintiffs' Request") and further requests that the Court seal portions
4  of SunTrust's reply memorandum in support of its currently pending motion to dismiss which
5  reference the document sought to be sealed by Plaintiffs' Request.  (A redacted reply brief will be
6  filed concurrently herewith pending the Court's decision on this request.  An unredacted reply
7  memorandum will be concurrently lodged with the Court and served on plaintiffs.)

8  Plaintiffs filed a notice of request to conditionally seal the documents on August 7, 2013,
9  giving SunTrust seven days to respond.  Dkt. # 70.  Plaintiffs filed their entire opposition under
10 seal, though only the document itself and portions of plaintiffs' opposition which referred to the
11 document are implicated.  Dkt. #72. SunTrust requests that the Court accepting the following
12 materials for filing under seal in connection with Sheila Gooden and Michelle Hall's
13 ("plaintiffs'") opposition to SunTrust's motion to dismiss.  Dkt.# 66.

14  1.  Exhibit 1 to the Declaration of Eric J. Buescher in support of plaintiffs' opposition
15 to SunTrust's currently pending motion to dismiss, Bates number SunTrust-Gooden 03935-03957.

16  2.  The following portions of plaintiffs' memorandum in opposition to SunTrust's
17 motion to dismiss: Page 1, Lines 8-9 (bolded text); Page 1, Lines 12-13; Page 1, Line 27; Page 4,
18 line 23 to Page 5, line 7; Page 5, line 10-12 (bolded text); Page 5, Lines 13-14; Page 11, Lines 13-
19 14.  (A redacted version of plaintiffs' opposition is attached hereto as **Exhibit A**, which SunTrust
20 would have no objection to plaintiffs' filing electronically).

21  3.  Attached as **Exhibit B** hereto is a version of SunTrust's reply memorandum with
22 portions it believes should be redacted.

23  4.  Attached as **Exhibit C** is an unredacted version of SunTrust's reply memorandum.

## BASIS FOR REQUEST

25 On September 7, 2012, the Court issued an Order (Dkt. # 40)  approving the parties'
26 Stipulated Protective Order and Confidentiality Agreement ("Protective Order") in this action.
27 This Protective Order provides,

28  All Confidential Documents and any papers containing information

1                     contained therein or derived therefrom that are filed with the Judge
shall be filed in accordance with Local Rules 141 and 141.1(e).

2

3 *Id.* ¶ 11. The Protective Order also provided that the parties could designate as confidential

4 documents which "contain trade secrets, confidential research, development, commercial or

5 financial information or any other proprietary or confidential business information." *Id.* ¶ 1.

6 Plaintiffs filed a notice of request to conditionally seal the documents on August 7, 2013, giving

7 SunTrust seven days to respond.  Dkt. # 70.  Concurrently herewith, SunTrust will be filing a reply

8 memorandum which references the document sought to be sealed.

9       Local Rule 141(b) provides that the parties seeking to seal a document shall set forth the

10 statutory or other authority for sealing, the requested duration, the identity, by name or category,

11 or persons to be permitted access to the documents, and all relevant information."  In addition,

12 Local Rule 141(a)(1) provides that "[c]onfidential information exchanged through discovery,

13 contained in documents to be filed in an action, or presented at a hearing or trial otherwise may be

14 protected by seeking a protective order as described herein."

15       As set forth in the accompanying declaration of Mr. Leo J. O'Donnell, Exhibit A to Mr.

16 Buescher's declaration is a portion of SunTrust's internal Property Insurance Retail Lending

17 Guide, which is dated June 2008.  O'Donnell Decl., ¶ 2.  It contains information regarding

18 SunTrust's internal policies and procedures which SunTrust takes steps to keep confidential and

19 does not share publicly.  *Id.*, ¶ 3.  It also contains information regarding SunTrust's computer

20 software systems and information relating to SunTrust's vendors which SunTrust also takes steps

21 to prevent from being publicly disseminated and which SunTrust believes constitutes trade secret

22 information. *Id.*, ¶¶  4-5.  This information is confidential business information of SunTrust which

23 competitors of SunTrust should not have access to. *Id.*, ¶ 6.

24       Because this information was produced under the Protective Order as confidentially

25 protected and because it constitutes confidential business information of SunTrust, SunTrust

26 respectfully requests that the Court seal the documents and portions of documents referenced

27 above, that these documents and portions of documents be accessed only by the Court, by Court

28 authorized personnel (pursuant to Local Rule 141(a)), and by parties in this action and their

1  counsel until such time as a motion is granted unsealing such documents and portions of
2  documents.
3       See *Uptown Drug Co., Inc. v. CVS Caremark Corp.*, 2013 WL 3821570, *2, n.4 (N.D. Cal.
4  2013) ("Defendants' motions to seal exhibits to [a declaration] are granted, as Defendants have
5  established that the confidential business information in such documents is sealable."); *Cole Asia*
6  *Business Center, Inc. v. Manning,* 2013 WL 2445194, *2 (C.D. Cal. 2013) (same); *In re High-*
7  *Tech Employee Antitrust Litigation*, 2013 WL 163779, *4 (N.D. Cal. 2013) (same).
8       SunTrust respectfully asks that this request be granted.

10  DATED:  August 14, 2013        Respectfully submitted,

11                             SEVERSON & WERSON
12                             A Professional Corporation

14                             By:   */s/ Philip Barilovits*
15                                     Philip Barilovits

16                             Attorneys for Defendant
                            SUNTRUST MORTGAGE, INC.

**ORDER**

The request of SunTrust Mortgage, Inc. ("SunTrust") to seal the following documents is hereby granted:

1. Exhibit 1 to the Declaration of Eric J. Buescher in support of plaintiffs' opposition to SunTrust's currently pending motion to dismiss, Bates number SunTrust-Gooden 03935-03957.

2. The following portions of plaintiffs' memorandum in opposition to SunTrust's motion to dismiss: Page 1, Lines 8-9 (bolded text); Page 1, Lines 12-13; Page 1, Line 27; Page 4, line 23 to Page 5, line 7; Page 5, line 10-12 (bolded text); Page 5, Lines 13-14; Page 11, Lines 13-14 (as shown in Exhibit A to SunTrust's request to seal).

3. The redacted portions of SunTrust's reply memorandum in support of its motion to dismiss as shown in Exhibit B to SunTrust's request and as electronically filed with the Court.

These documents and portions of documents are sealed pursuant to Local Rule 141 and shall be accessed only by the Court, by Court authorized personnel (pursuant to Local Rule 141(a)), and by parties in this action and their counsel until such time as a motion is granted unsealing such documents and portions of documents.

**IT IS SO ORDERED.**

DATED: AUGUST 16, 2013

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE