UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GOODEN, an individual, MICHELLE HALL, an individual,, <br><br>          Plaintiffs, <br><br>     v. <br><br>SUNTRUST MORTGAGE, INC., a Virginia Corporation, <br><br>          Defendant. | No.  2:11-cv-02595-JAM-DAD <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

   This matter is before the Court on Defendant Suntrust Mortgage, Inc.'s ("Defendant") Motion to Dismiss (Doc. #66).[1] Plaintiffs Sheila Gooden and Michelle Hall ("Plaintiffs") oppose the motion (Doc. #72), and Defendant filed a reply in support of its motion (Doc. #75).  Defendant also filed a Request for Judicial Notice (Doc. #60).

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for August 21, 2013.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action originated when Plaintiff Gooden filed her complaint in this Court on September 30, 2011.  Plaintiff alleges that she obtained a mortgage from Defendant to refinance the existing debt on her property in June 2005.  Plaintiff Gooden's property is located at 632 S. Murdock, Willows, CA 95988.  According to Plaintiff, the terms of the mortgage agreement required Plaintiff Gooden to purchase hazard and flood insurance coverage at least equal to the replacement value of the improvements on the property or the principal balance of the mortgage, whichever was less.  Plaintiff alleges that she maintained coverage on the property between $130,130 and $161,960 at all times.

Plaintiff Gooden alleges that in October 2010, after 6 years of carrying the same amount of insurance, Defendant determined without explanation that her existing insurance coverage was inadequate.  In March 2011, Defendant force placed additional flood and hazard insurance on Plaintiff's property and sent her a mortgage bill that contained line item charges for the premiums of the additional coverage.

On June 19, 2013, Plaintiff Gooden was granted leave to amend the complaint (Doc. #62).  The First Amended Complaint ("FAC") expanded the class on whose behalf the second and third causes of action are being brought and added Plaintiff Hall to the litigation (Doc. #63).

The FAC alleges that in August 2008 Plaintiff Hall refinanced her mortgage on her property at 3229 Glennon Place, Bronx, NY 10465 with Defendant.  Plaintiffs allege Defendant

2

force placed hazard insurance on Plaintiff Hall despite the fact that she already had adequate insurance.

Plaintiffs assert six causes of action in the FAC: (1) Violation of Truth in Lending Act ("TILA") (Hazard Insurance), 15 U.S.C. § 1601; (2) Violation of TILA (Flood Insurance), 15 U.S.C. § 1601; (3) Breach of Contract; (4) Violation of Cal. Civ. Code § 2955.5; (5) Violation of California Unfair Competition Law ("UCL") (Hazard Insurance), Cal. Bus. & Prof. Code § 17200; and (6) Violations of California Unfair Competition Law (Flood Insurance), Cal. Bus. & Prof. Code § 17200.

The Court has jurisdiction over Plaintiffs' federal causes of action pursuant to 28 U.S.C. § 1331 and the related state law claims pursuant to 28 U.S.C. § 1367.

II.  OPINION

A.  Legal Standard

1.  Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be

3

entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. Assertions that are mere "legal conclusions" are therefore not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Dismissal is appropriate when a plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  Discussion

1.  Defendant's Request for Judicial Notice

Defendant requests that the Court take judicial notice of four documents: (A) a deed of trust signed by Plaintiff Gooden, (B) a mortgage signed by Plaintiff Hall, (C) the assignment of

1  Plaintiff Hall's mortgage, and (D) a subsequent mortgage signed
2  by Plaintiff Hall.  RJN at p. 1.
3       Generally, the Court may not consider material beyond the
4  pleadings in ruling on a motion to dismiss for failure to state a
5  claim.  The exceptions are material attached to, or relied on by,
6  the complaint so long as authenticity is not disputed, or matters
7  of public record, provided that they are not subject to
8  reasonable dispute.  E.g., Sherman v. Stryker Corp., 2009 WL
9  2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of
10 Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid.
11 201).
12      Each of the documents listed above are public records and/or
13 are relied on by the Complaint.  Furthermore, Plaintiffs have not
14 opposed Defendant's request and reference the documents in their
15 opposition.  The documents are not subject to reasonable dispute.
16 Therefore, they are the proper subject of a request for judicial
17 notice.  See Fed. R. Evid. 201.  Defendant's request is granted.
18           2.    Defendant's Motion to Dismiss
19                a.    Breach of Contract
20      Defendant argues that Plaintiffs' Breach of Contract claim
21 should be dismissed insofar as that claim is based upon the
22 theory that Defendant could not require Plaintiffs to maintain
23 insurance coverage up to replacement value.  MTD at p. 3.
24 Plaintiffs argue the Closing Instructions attached to the
25 Complaint created a contractual maximum on the amount of
26 insurance Defendant could require of them.  Opp. at p. 5.
27      Plaintiffs' claim relies on language in Plaintiff Gooden's
28 closing instructions which provide: "coverage must be at least

equal to **the lesser of**: 100% of the insurable value of the improvements . . . or the unpaid principal balance of the mortgage . . . ."  FAC ¶ 95 (emphasis added); <u>see</u> Master Closing Instructions (Doc. ##1-2) at pp. 8-9.  Plaintiffs claim this language sets the maximum level of coverage that could be required by Defendant.  Opp. at p. 5.  Plaintiffs claim this agreement was breached when Defendant required them to obtain coverage in excess of that stated.

In its motion, Defendant relies on language from the Deed of Trust and other mortgage documents that it argues allow it sole discretion in setting the amount of coverage it could require. MTD at pp. 3-9; RJN Exh. A-D.  Defendant discusses several cases primarily from the Northern District of California interpreting language similar to that contained in these other documents. MTD at pp. 2, 7-9.  The motion also includes references to relevant state laws setting the maximum amount of coverage a lender can legally require of a borrower, generally set at replacement value.

Plaintiff Gooden's deed of trust and Plaintiff Hall's mortgage agreement both include language indicating that hazard insurance shall be maintained by the borrower in the amounts and for the periods of time required by Defendant.  RJN Exh. A, B, D. The documents also clearly state that what Defendant requires can change during the term of the loan.  <u>Id.</u>  Plaintiffs argue that regardless of the discretionary language in these other documents, the language in the closing instructions sets a maximum amount of coverage that can be required of them, removing the ability of Defendant to change the amount at its own

discretion. Opp. at pp. 9-12.

An almost identical dispute recently arose in Lane v. Wells Fargo Bank N.A., C 12-04026 WHA, 2013 WL 269133, at *9 (N.D. Cal. 2013). There, the plaintiff signed a form that outlined the minimum requirements for the hazard insurance coverage that needed to be provided by the borrower. Id. The relevant provision stated: "1. Coverage must be in an amount at least equal to the replacement value of improvements on the property or the loan amount." Id. The plaintiff also signed a mortgage agreement that included the same language appearing in Plaintiffs' mortgage documents here, indicating the hazard coverage needed to be maintained in an amount that the lender required and which amount could change during the term of the loan. Id. at *6; RJN Exh. A, B, D. Faced with these two documents, the court in Lane held:

> "Reading [the hazard insurance form] together with the mortgage agreement, the form notice indicated that the lender could set insurance at either the replacement cost value or the loan amount. While it indicated a minimum required amount, it did not displace or contradict the mortgage agreement, which provided that the lender had discretion to set the amount of insurance required, within reason."

Lane, at *9.

This Court finds the reasoning and conclusion in Lane persuasive. The closing instruction quoted by Plaintiffs and attached to the Complaint sets an initial amount of coverage that Plaintiffs would be required to provide. However, this statement

7

1 of the minimum required at the closing of the loan cannot be used
2 to displace or contradict the broad discretion provided to
3 Defendant by the accompanying mortgage agreement.  Lane, 2013 WL
4 269133, at *9; see also Cannon v. Wells Fargo Bank N.A., 917 F.
5 Supp. 2d 1025, 1040-43 (N.D. Cal. 2013).  In addition, the
6 mortgage agreement dispelled any ambiguities in what coverage
7 could be required of Plaintiffs in the future by clearly putting
8 them on notice that the required amount could change during the
9 period of the loan.
10     As Defendant readily concedes, this does not mean that
11 Defendant's discretion to set the amount of coverage is
12 unlimited.  Lane, 2013 WL 269133, at *8.  Relevant state laws and
13 the implied covenants included in such agreements place limits on
14 that discretion.  However, those issues are not presently before
15 the Court.  After evaluating the relevant language in each
16 document, the Court finds Plaintiffs' theory that Defendant would
17 be in breach of the mortgage agreements by requiring coverage
18 above the outstanding balance of the loan is not supported by the
19 contractual language used in those documents.  Accordingly, the
20 Court grants Defendant's motion to dismiss the Breach of Contract
21 claim to the extent it is premised on the theory that outstanding
22 loan balance set a contractual maximum on the amount of hazard
23 coverage that could be required.
24                b.   Cal. Civ. Code § 2955.5
25     Cal. Civ. Code § 2955.5 prohibits a lender from "requir[ing]
26 a borrower . . . to provide hazard insurance coverage . . . in an
27 amount exceeding the replacement value of improvements on the
28 property."  Plaintiffs' fourth cause of action alleges a

1  violation of this provision in paragraph 103 of the FAC.  The
2  section alleges:  "Defendant violated this law by force placing
3  hazard insurance on Plaintiff Gooden and other class members in
4  amounts above the value of the improvements **and/or the**
5  **outstanding principal balance on the property**."  FAC ¶ 103
6  (emphasis added).  Defendant moves to dismiss this claim insofar
7  as it relies upon a "loan balance" theory.

8     A violation of § 2955.5 occurs when the insurance coverage
9  required by a lender exceeds *replacement value*; the provision
10 does not make reference to the outstanding principal balance on
11 the property.  In the Opposition, Plaintiffs concede they
12 "inadvertently included" the statement in the Complaint.  Opp. at
13 p. 13.  They claim the fourth cause of action is limited to
14 situations where Defendant required or force placed insurance
15 either (1) in an amount above replacement cost and/or (2) on a
16 borrower who had coverage which equaled or exceeded replacement
17 cost.  Id.  This restatement of the claim, removing any reliance
18 on the loan balance, is in harmony with the applicable statute.

19     Accordingly, the Court grants Defendant's motion to dismiss
20 the fourth cause of action insofar as it alleges a violation of
21 Cal. Civ. Code § 2955.5 based on the required coverage exceeding
22 the outstanding loan balance.

23                           III. ORDER
24     For the foregoing reasons, Defendant's Motion to Dismiss is
25 GRANTED in its entirety without leave to amend.
26     IT IS SO ORDERED.
27 Dated: October 2, 2013                    _____
28                                           JOHN A. MENDEZ,
                                             UNITED STATES DISTRICT JUDGE